UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAL VELEZ,<br>            Plaintiff,<br>    v.<br>ADORA ANCHETA, et al.,<br>            Defendants. | Case No.14-cv-01182-NC<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 22, 23 |

This order addresses civil discovery disputes raised in a joint letter brief and response. Dkt. Nos. 22, 23. In the interest of securing the "just, speedy, and inexpensive determination" of this action, the Court will not repeat the case history and the arguments presented by the parties. Fed. R. Civ. P. 1. In sum, this case presents a wage and hour employment dispute in which plaintiff Velez seeks to recover from employer defendants on behalf of himself and other employees under the Private Attorney General Act of 2004 (PAGA). The deadline for all non-expert fact discovery was December 19, 2014; expert disclosures are due in two days, January 30; trial is set for June 8, 2015.

The Court now rules on the issues presented:

**1. Plaintiff's request for production of documents, RPD Nos. 4, 29, 41.**

Plaintiff seeks to compel the production of additional documents from defendants in three categories. The details of the requests and the objections are not critical, because the requests are late. The deadline for non-expert fact discovery was December 19, 2014. Dkt. No. 13. Under Local Rule 37-3, where the Court sets a fact discovery deadline,

14-cv-01182-NC

motions to compel are due within 7 days after the deadline, except by order of the Court for good cause shown.

Here, plaintiff's request to compel the production of additional documents was due December 29 at the latest. Yet the letter brief was filed January 27, almost one month after the deadline. Is there good cause to allow the late filing? The Court says no. First, defendants served their document responses on August 22, 2014, so plaintiff had ample time to evaluate the responses and submit a timely request to compel. Second, there is no record that defendants agreed to extend the time period for a request to compel these documents; and the Court never granted an extension.

Under these circumstances, the plaintiff's untimely request to compel additional documents is denied. The Court need not reach the other objections raised by defendants.

**2. Plaintiff's request to compel additional depositions.**

Plaintiff seeks to compel three depositions: Adora Ancheta, Mae Flores, and defendants' "person most knowledgeable" on various subject matters (but not specified in the letter brief) under Fed. R. Civ. P. 30(b)(6). Dkt. No. 22 at 2. The question presented is whether there was "reasonable notice" of the depositions. Fed. R. Civ. P. 30(b)(1). After sending an email on the evening of December 9, 2014, asking about available dates for Flores and Ancheta, plaintiff's counsel on December 10 served deposition notices setting depositions for December 16, 17, and 18. Defendants objected to the notices as unreasonable and did not appear. The parties agreed to extend the time period for a motion to compel the depositions.

Under these circumstances, the plaintiff's request to compel is granted in part. As to Ancheta and Flores, the depositions are compelled. These depositions must occur by February 13. The parties must confer with each other and agree upon dates, times, and locations for the depositions. Plaintiff's deposition time is limited to four hours for each witness, absent a further Court order upon a showing of good cause.

As to the "person most knowledgeable" deposition, the request to compel is denied. First, less than ten days of notice to identify and produce a 30(b)(6) witness was

1  unreasonable.  Second, plaintiff has failed to introduce evidence that counsel consulted
2  with defendants about scheduling this deposition before noticing the deposition.  NDCA
3  L.R. 30-1 (requiring confer before notice).
4  **IT IS SO ORDERED.**

Dated:   January 29, 2015                    _____
　　　　　　　　　　　　　　　　　　　　NATHANAEL M. COUSINS
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge